1  Michael S. Blanton (SB# 190148)
   mblanton@rrbllp.com
2  ROBERTS, RASPE & BLANTON LLP
   Union Bank Plaza
3  445 South Figueroa Street
   Suite 3200
4  Los Angeles, California 90071
   Telephone: (213) 430-4777
5  Facsimile: (213) 430-4780

6  WILLKIE FARR & GALLAGHER LLP
   787 Seventh Avenue
7  New York, New York 10019
   (212) 728-8000

8  Attorneys for Defendants Lime Wire LLC;
   Lime Group LLC; Mark Gorton; and M.J.G.
9  Lime Wire Family Limited Partnership

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
                          FILED
                 CLERK, U.S. DISTRICT COURT

                    DEC - 9 2010

                CENTRAL DISTRICT OF CALIFORNIA
                BY                    DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Arista Records LLC; Atlantic Recording Corporation; BMG Music; Capitol Records, Inc.; Elektra Entertainment Group Inc.; Interscope Records; Laface Records LLC; Motown Record Company, L.P.; Priority Records LLC; Sony BMG Music Entertainment; UMG Recordings, Inc.; Virgin Records America, Inc.; and Warner Bros. Records Inc.,

                    Plaintiff,

          v.

Lime Wire LLC; Lime Group LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership,

                    Defendants.

CASE NO.:

CV10-9438 GW (PJWx)

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.

(United States District Court For the Southern District Of New York, Civil Action No.: 06 CV 5936 (KMW), Honorable Kimba M. Wood, U.S.D.J.)

Date:
Time:
Courtroom:

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.

**TO NON-PARTY MEDIADEFENDER, INC., ALL PARTIES AND THEIR**

**ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on a date and time to be determined

by the United States District Court, Central District of California, Western

Division, Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and

M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") will

and hereby do move for an Order enforcing the non-party subpoena served upon

MediaDefender, Inc.  Defendants will seek an Order compelling the production of

all responsive documents in MediaDefender, Inc.'s possession, custody, or control

and to compel MediaDefender, Inc. to appear for a deposition.

 This Petition is based on this Notice, the Memorandum of Points and

Authorities filed concurrently herewith, the Declaration of Dan Kozusko, the

evidence in support of the Petition, arguments of counsel, and upon such additional

evidence as may be presented at the time of the hearing of this matter.


DATED:   December 9, 2010          ROBERTS, RASPE & BLANTON LLP


                                   By: _____
                                        Michael S. Blanton

                                   Attorneys for Defendants Defendants Lime
                                   Wire LLC; Lime Group LLC; Mark Gorton;
                                   and M.J.G. Lime Wire Family Limited
                                   Partnership

1

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION. ................................................................................. 1

II.   FACTUAL BACKGROUND. ................................................................ 2

III.  ARGUMENT. ....................................................................................... 7

     A.   MediaDefender Possesses Information That Is Directly
          Relevant To Factors Used To Determine The Amount Of
          Statutory Damages That Plaintiffs May Recover For Copyright
          Infringement. ................................................................................ 8

     B.   The Protective Order Entered By The Court Is Sufficient To
          Safeguard Any Purported Trade Secrets Or Confidential
          Information That The Subpoena May Require MediaDefender
          To Disclose. ................................................................................ 12

IV.   CONCLUSION. .................................................................................. 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

**NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

# TABLE OF AUTHORITIES

**Cases**

*Bryant v. Media Right Prods., Inc.,*
  603 F.3d 135, 144 (2d Cir. 2010), *cert. denied*, No. 10-415, 2010
  U.S. LEXIS 9235 (U.S. Nov. 29, 2010); ........................................................ 8, 10, 11

*Davis v. The Gap, Inc.,*
  246 F.3d 152, 167 (2d Cir. 2001) ........................................................................ 8

*Entral Grp. Int'l, LLC v. YHLC Vision Corp.,*
  No. 05-CV-1912, 2007 WL 4373257, at *3 (E.D.N.Y. Dec. 10,
  2007) ........................................................................................................................ 10

*Gomez v. J.R. Hycee Conveyor Co., Inc.,*
  No. CV 06-2827, 2008 U.S. Dist. LEXIS 570, at *3 (E.D.N.Y. Jan.
  3, 2008) .................................................................................................................. 14

*Home Entm't, Inc. v. Rolling Rock Music Corp.,*
  No. 04 Civ. 1234, 2005 WL 2414351, at *3 (S.D.N.Y. Sept. 30,
  2005) ......................................................................................................................... 8

*In re McKesson Corp.,*
  264 F.R.D. 595, 602-03 (N.D. Cal. 2009) .......................................................... 13

*Singh v. Famous Overseas, Inc.,*
  680 F. Supp. 533, 535-36 (E.D.N.Y. 1988) ...................................................... 9, 12

*Wackenhut Servs., Inc. v. Artman Studios, Inc.,*
  No. 08-80856-CIV, 2009 WL 3028308, at *3 (S.D. Fla. Sept. 17,
  2009) ......................................................................................................................... 12

*Warner Bros., Inc. v. Dae Rim Trading, Inc.,*
  877 F.2d 1120, 1126 (2d Cir. 1989) ................................................................... 10


**Statutes**

17 U.S.C. § 412 ................................................................................................ 9, 12

Fed. R. Civ. P. 37(b)(2)(A) ................................................................................ 13

Federal Rule of Civil Procedure 45(c)(2)(B)(i) ............................................. 2, 7

Local Civil Rule 6-1 ............................................................................................ 7

Local Civil Rule 37-1 .......................................................................................... 7

Local Civil Rule 45-1 .......................................................................................... 7

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.

1 | **Other Authorities**

2 | 2 William F. Patry, COPYRIGHT LAW & PRACTICE, 1172-73 (1994) ...................... 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION.**

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") bring this Petition to Enforce Non-Party MediaDefender, Inc. ("MediaDefender"), a company that provides anti-piracy countermeasures to Plaintiffs and other copyright holders, to comply with its obligations pursuant to a subpoena issued under the jurisdiction of the Central District of California.  Defendants served that subpoena on MediaDefender in order to secure evidence that is directly relevant to their defense at an upcoming trial before Judge Wood in the Southern District of New York, at which Plaintiffs seek to recover in excess of $1 billion in damages for copyright infringement.

After Defendants served the Subpoena in September of this year, MediaDefender, which has not been represented by counsel, informed Defendants' counsel -- on more than one occasion -- that it had collected all responsive documents and that a production was imminent.  MediaDefender reneged on those promises, however.  Instead, it waited until more than a month after the Subpoena was served to object on the grounds of relevance and confidentiality, refusing to produce even a single document.  Even after Defendants demonstrated that both of those objections were entirely without merit and provided case law supporting that position, MediaDefender persisted in its refusal to comply with its obligations

1

under the subpoena.  Nor will MediaDefender agree to an expedited briefing

schedule in connection with the instant motion, even though the deadline set by

Judge Wood for the close of fact discovery is fast approaching.

MediaDefender's intransigence has left Defendants with no option but

to move this Court on an expedited basis to enter an order, pursuant to Federal

Rule of Civil Procedure 45(c)(2)(B)(i), that compels MediaDefender to comply

with Defendants' subpoena by producing all responsive documents and appearing

for a deposition.

## II.    FACTUAL BACKGROUND.

The above-captioned action is scheduled for trial on April 25, 2011

before Judge Wood.  (Kozusko Decl., Ex. 10.)  That trial will determine the

amount of statutory damages that Plaintiffs may recover from Defendants,

following Judge Wood's grant of summary judgment finding Defendants' liable

for copyright infringement by individual users of the LimeWire peer-to-peer file-

sharing service.  (*Id.* ¶ 3.)

The parties are currently engaged in discovery to prepare for trial.  (*Id.*

¶ 4.)  As part of that process, Defendants, on or about September 22, 2010, served

on MediaDefender a subpoena issued by this Court, which requested the

production of documents and deposition testimony (the "Subpoena").  (*Id.*, Ex. 1.)

The documents requested by the Subpoena include copies of agreements, pursuant

to which MediaDefender provided anti-piracy services relating to copyrighted

2

works as to which Plaintiffs seek to recover statutory damages at trial, together with communications and other documents relating to those agreements and the LimeWire service. (*Id.*)  At the same time, Defendants served subpoenas on a number of other non-parties whom they believed to be in possession of information relevant to the issues to be tried before Judge Wood. (*Id.* ¶ 5.)

Immediately after serving the Subpoena, Defendants' counsel spoke with a MediaDefender employee, who explained that he had collected responsive documents and was about to produce them, just as soon as counsel provided him with a FedEx number to ship them. (*Id.* ¶ 7.)  Defendants' counsel supplied that information promptly, but the document production that MediaDefender had promised never arrived. (*Id.*)  Instead, Plaintiffs' counsel contacted MediaDefender, explained that they had made a letter motion to quash Defendants' non-party subpoenas, and informed MediaDefender of the Court's ruling that non-parties were not required to produce documents until the motion to quash had been resolved (although the Court did not prohibit them from doing so voluntarily). (*Id.* ¶ 9.)

On October 15, 2010, the Court denied Plaintiffs' motion to quash Defendants' subpoenas in its entirety. (*Id.*, Ex. 2.)  Promptly thereafter, Defendants' counsel informed MediaDefender of the Court's ruling and asked when its production would be forthcoming. (*Id.* ¶ 10.)  A MediaDefender employee represented that the production remained ready to go and would be sent

3

1   just as soon as his boss gave him formal approval.  (*Id.*)  After several days passed

2   without receiving any production, Defendants' counsel again reached out to the

3   same MediaDefender employee, who reiterated his prior representation.  (*Id.*)

4   Nearly a week later, Defendants' received a letter from MediaDefender that -- for

5   the first time -- purported to object to the Subpoena, on the basis of relevance and

6

7   confidentiality.  (*Id.* ¶ 12, Ex. 3.)

8

9          Defendants' counsel responded promptly to MediaDefender,

10  explaining why the subpoenaed documents were relevant, as they related directly

11  to one or more of the six factors that the Court must take into account in

12

13  determining the amount of statutory damages that Plaintiffs may recover for

14  copyright infringement.  (*Id.* ¶ 13, Ex. 4.)  Defendants' counsel further explained

15  that the Court's protective order would alleviate any concerns that MediaDefender

16

17  had with regard to the production of confidential and/or sensitive information, by

18  allowing MediaDefender to designate documents as "confidential" or "attorneys'

19  eyes only," thereby limiting significantly the universe of individuals to whom they

20

21  could be disclosed.  (*Id.*)

22          Two days passed without any response from MediaDefender.  (*Id.* ¶

23  14.)  During that time, Defendants learned of the existence of numerous responsive

24

25  e-mails involving  MediaDefender personnel, including ones concerning

26  LimeWire, which were readily available on the internet.  (*Id.*, Exs. 18, 19, 20.)

27  That appeared to conflict with a prior representation by MediaDefender that its

28

4

**NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

1   agreements with Plaintiffs were the only responsive documents that it possessed.

2   (*Id.* ¶ 14.)  Accordingly, on October 30, 2010, Defendants' counsel wrote

3
    MediaDefender to inquire about the status of those e-mails and when a production
4
5   would be forthcoming.  (*Id.*, Ex. 5.)

6          On November 1, 2010, MediaDefender's CEO responded by e-mail,

7   asserting that it "no longer possesses" the e-mails cited by Defendants' counsel.

8
9   (*Id.* ¶ 15, Ex. 6.)  MediaDefender also continued to dispute the relevance of the

10  documents that it had previously agreed to produce, including its contracts to

11
    "provide[] anti-piracy services" to Plaintiffs.  (*Id.*)  Finally, MediaDefender
12
13  challenged the adequacy of the Court's protective order, asserting that "[d]espite

14  the Protective Order, we are concerned that the information contained in our

15
    confidential service agreements might nevertheless become known, as is often the
16
17  case, and we will oppose any demand to produce them on the grounds of

18  confidentiality as well as relevance."   (*Id.*)

19
           On November 3, 2010, Defendants' counsel responded to
20
21  MediaDefender, explaining why both the agreements and any responsive e-mails in

22  MediaDefender's possession were relevant and provided case law supporting that

23
    position.  (*Id.* ¶ 16, Ex. 7.)  Defendants' counsel also noted that the Court's
24
25  protective order was sufficient to safeguard any confidential information that may

26  appear in MediaDefender's agreements and other documents, especially given that

27
28  Plaintiffs -- the counterparties to the contracts at issue -- had already produced to

5

Defendants a significant amount of confidential and proprietary information under the terms of that protective order. (*Id.*) Defendants' counsel also made clear that it would move to compel in the event that MediaDefender refused to comply with the Subpoena. (*Id.*)

In response, MediaDefender demanded that Defendants supply "case law … indicat[ing] that the documents you seek are discoverable" and inquired whether Defendants had researched instances where courts have not required a production under these circumstances. (*Id.* ¶ 17, Ex. 8.) Defendants' counsel responded by providing MediaDefender once again with authority establishing the relevance of the subpoenaed documents, together with case law demonstrating why MediaDefender's confidentiality objection was groundless in light of the Court's protective order. (*Id.* ¶ 20, Ex. 12.) Defendants' counsel also informed MediaDefender that the Magistrate appointed by Judge Wood to supervise discovery had recently ordered another non-party subpoenaed by Defendants to produce all of its agreements with Plaintiffs, together with related communications and revenue information. (*Id.*) Given MediaDefender's refusal to honor its obligations under the Subpoena -- notwithstanding its numerous prior representations that a production was imminent -- Defendants' counsel informed MediaDefender that it would be moving to compel. (*Id.*)

Subsequently, Defendants' counsel contacted MediaDefender to propose an expedited briefing schedule on that motion to compel, given that fact

**NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

discovery in the above-captioned action is set to close at the end of January. (*Id.* ¶ 22, Ex. 13.) Defendants' counsel explained that proceeding on an expedited schedule was necessary because it could not wait the usual 28 days for a motion hearing under Local Civil Rule 6-1, followed by the time it would take the Court to decide the motion and MediaDefender to comply with the terms of such an order. (*Id.*) MediaDefender would not agree to stipulate to an expedited briefing schedule here. (*Id.* ¶ 23, Ex. 14.)

As the foregoing communications make clear, Defendants have negotiated in good faith with MediaDefender, a non-party that is not represented by counsel,[1] regarding its obligations under the Subpoena, but reached an impasse because MediaDefender has refused to produce any responsive documents whatsoever, based on objections that Defendants believe to be without merit. Nor has MediaDefender provided Defendants with any authority that supports the position it has taken here. Accordingly, Defendants have no other option but to seek expedited relief from this Court, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i).

## III.    ARGUMENT.

MediaDefender has objected to the Subpoena on only two grounds: (1) its agreements to provide anti-piracy services to Plaintiffs and any related

---

[1]    Because MediaDefender is not represented by counsel, the procedures set forth in Local Civil Rule 37-1 do not apply here. *See* Local Civil Rule 45-1 ("L.R. 37 applies to motions relating to discovery subpoenas served on (a) parties and (b) non-parties <u>represented by counsel</u>.") (emphasis added).

7

communications -- the only responsive documents it alleges to have -- are not

relevant to the issues to be tried before Judge Wood; and (2) those contracts

include trade secrets and other confidential information that might be disclosed

publicly, notwithstanding the Court's protective order.  (Kozusko Decl., Ex. 6.)  As

demonstrated below, both objections are without merit and this Court, therefore,

should grant the motion and order MediaDefender to comply with the Subpoena by

producing all responsive documents in its possession, custody, or control and

appearing for deposition.

A.   **MediaDefender Possesses Information That Is Directly Relevant To Factors Used To Determine The Amount Of Statutory Damages That Plaintiffs May Recover For Copyright Infringement.**

Because Plaintiffs have elected to recover statutory damages for

copyright infringement, the District Court trying the case is required to take into

account six factors in determining the amount of those damages under Second

Circuit law, including the conduct and attitude of the parties and the profits lost by

the copyright holder.  *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d

Cir. 2010), *cert. denied*, No. 10-415, 2010 U.S. LEXIS 9235 (U.S. Nov. 29, 2010);

*see also Davis v. The Gap, Inc.*, 246 F.3d 152, 167 (2d Cir. 2001); *Home Entm't,

Inc. v. Rolling Rock Music Corp.*, No. 04 Civ. 1234, 2005 WL 2414351, at *3

(S.D.N.Y. Sept. 30, 2005) ("In setting [the statutory damage] amount, I have

8

considered all of the facts and circumstances, including … the profits lost by [plaintiff]") (emphasis added).

Equally important in arriving at a damages award is the date that a copyright was first infringed because a holder may not recover lost revenues or other damages that pertain to the period preceding that date, nor may it recover statutory damages for infringement that occurs prior to its registration of the copyright. *See, e.g.,* 17 U.S.C. § 412; *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535-36 (E.D.N.Y. 1988).

Here, MediaDefender concedes that it entered into contracts with Plaintiffs to provide anti-piracy services regarding one or more works as to which Plaintiffs seek to recover statutory damages. (Kozusko Decl., Ex. 3.) Those contracts, together with any related communications and documents concerning MediaDefender's performance of those services are directly relevant to all of the foregoing issues, for the reasons that follow.

First, MediaDefender's anti-piracy efforts bear directly on the conduct and attitude of the record company Plaintiffs on whose behalf MediaDefender has performed these services. The methods employed by MediaDefender range from "spoofing" and "decoying" -- *i.e.*, "send[ing] blank files and data noise that look exactly like a real response to an initiated search requests for a particular title" on a peer-to-peer network -- to denial-of-service attacks on websites that purportedly enable copyright infringement and the establishment of phony peer-to-peer

9

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.

websites designed to entrap potential copyright infringers. (*Id.*, Exs. 17-22.) These methods not only rely on an element of deception, but are potentially illegal. (*See id.*) Indeed, MediaDefender's conduct in this regard has reportedly been the subject of an investigation by the FBI for potential violations of federal computer crime statutes. (*Id.*, Ex. 21.)

Thus, the responsive documents that MediaDefender possesses bear directly on the nature of the anti-piracy methods that it has undertaken as an agent of Plaintiffs and whether those methods crossed the line into conduct that is in bad faith, unethical, or potentially illegal. As a result, the subpoenaed documents are relevant to one of the six factors enumerated by the Second Circuit in *Bryant*, i.e., the conduct and attitude of the parties, 603 F.3d at 144, because a lower award of statutory damages is appropriate where the copyright holder has acted in bad faith. *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989); *see also Entral Grp. Int'l, LLC v. YHLC Vision Corp.*, No. 05-CV-1912, 2007 WL 4373257, at *3 (E.D.N.Y. Dec. 10, 2007) (holding that low statutory damage award was "justified by the attitude and conduct of plaintiff" which made unreasonable licensing fee demands) (emphasis added); 2 William F. Patry, COPYRIGHT LAW & PRACTICE, 1172-73 (1994).

Second, documents that Defendants have sought from MediaDefender are relevant to the amount of lost revenue that Plaintiffs have incurred as a result of LimeWire users' downloading of copyrighted works. Plaintiffs have asserted that

10

they have lost a substantial amount of revenue because "[m]illions of infringing copies of Plaintiffs' sound recordings have been made and distributed through LimeWire." (Kozusko Decl., Ex. 15 ¶ 2.)  The documents that Defendants subpoenaed from MediaDefender regarding their anti-piracy efforts on Plaintiffs' behalf test the validity of that assertion.  For example, MediaDefender's website boasts that "Pirated files will no doubt be on the [peer-to-peer] networks, but <u>with our protection applied it would be easier to find a needle in a hay stack than a real file amongst our countermeasures</u>." (*Id.*, Ex. 17 (emphasis added).)  Given that MediaDefender performed these countermeasures in connection with works as to which Plaintiffs now seek to recover statutory damages, documents concerning those anti-piracy efforts are directly relevant to the amount of revenue that Plaintiffs could possibly have lost due to the LimeWire service because, by MediaDefender's own admission, downloading those very works off of a peer-to-peer network was a near impossibility (*id.*). *Bryant*, 603 F.3d at 144.

<u>Third</u>, MediaDefender's monitoring of purportedly illegal downloading by users of peer-to-peer sites such as LimeWire generated numerous "reports and statistical analysis" for Plaintiffs and other clients.  (Kozusko Decl., Ex. 19.)  These documents are relevant to the question of when Plaintiffs' copyrighted works were first infringed.  For example, to the extent that MediaDefender's reports show the date that a particular copyrighted work appeared on LimeWire, that is directly relevant to whether (i) any infringement

11

occurred prior to Plaintiffs' registration of the copyright (in which case Plaintiffs cannot recover statutory damages), and (ii) Plaintiffs seek damages pertaining to the period before any infringement took place (which are not recoverable, either). *See* 17 U.S.C. § 412; *Singh*, 680 F. Supp. at 535-36. Thus, responsive documents in MediaDefender's possession are directly relevant to the damages issues to be tried before Judge Wood for this additional reason. *See, e.g., Wackenhut Servs., Inc. v. Artman Studios, Inc.*, No. 08-80856-CIV, 2009 WL 3028308, at *3 (S.D. Fla. Sept. 17, 2009) (holding defendants may pursue discovery as to date when each act of infringement allegedly occurred).

   In short, MediaDefender's unsubstantiated assertion that the responsive documents in its possession are not relevant here is entirely without merit and should be rejected.

**B.  <u>The Protective Order Entered By The Court Is Sufficient To Safeguard Any Purported Trade Secrets Or Confidential Information That The Subpoena May Require MediaDefender To Disclose.</u>**

   On March 8, 2007, Judge Lynch (who presided over this action in the Southern District until his elevation to the Second Circuit) entered a protective order that permits any producing party to designate documents or deposition testimony as either "confidential" or "attorneys' eyes only," designations that restrict substantially the universe of individuals to whom such information may be disclosed. (Kozusko Decl., Ex. 16 ¶¶ 6-7.) Any violation of the protective order

12

NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.

1   subjects the offender to contempt, among other sanctions.  *See* Fed. R. Civ. P.

2   37(b)(2)(A).

3          After MediaDefender raised concerns -- albeit belatedly -- as to the

4

5   purported confidentiality of responsive documents in its possession, Defendants'

6   counsel promptly provided MediaDefender with a copy of the protective order and

7   noted that Plaintiffs had produced a substantial amount of their confidential and

8

9   proprietary information pursuant to the terms of that order.  (Kozusko Decl., Ex.

10  4.)  MediaDefender, however, rejected the Court's protective order as insufficient:

11  "Despite the Protective Order, we are concerned that the information contained in

12

13  our confidential service agreements might nevertheless become known, as is often

14  the case, and we will oppose any demand to produce them on the grounds of

15  confidentiality ..."  (*Id.*, Ex. 6.)  MediaDefender did not offer any evidence to

16

17  support the assertion that its confidential information might be disclosed in

18  violation of the protective order, cite a single instance where that protective order

19  had been violated in this case or specify what changes to the protective order were

20

21  necessary to alleviate its concerns.  (*See id.*)

22          Even if MediaDefender had offered more than mere speculation and

23  conjecture to support this argument -- and it has not -- its objection on the grounds

24

25  of confidentiality and trade secrets is baseless in any event and should be

26  summarily rejected.  *See, e.g., In re McKesson Corp.*, 264 F.R.D. 595, 602-03

27  (N.D. Cal. 2009) (overruling confidentiality objections and granting motion to

28

13

compel non-party to comply with subpoena because "the protective order …

currently in place" permits the producing party to designate documents either

"confidential" or "attorneys' eyes only" and that "protection is sufficient"); *Gomez*

*v. J.R. Hycee Conveyor Co., Inc.*, No. CV 06-2827, 2008 U.S. Dist. LEXIS 570, at

*3 (E.D.N.Y. Jan. 3, 2008) (denying UPS's motion to quash non-party subpoena

because "[defendant] Hycee's proposal to enter into a protective order limiting the

use of the documents produced to this litigation and requiring their return at the

conclusion of this litigation, adequately addresses UPS's interest in keeping its

proprietary information confidential").

Indeed, MediaDefender's confidentiality objection is all the more

spurious, given that Plaintiffs, the counterparties to the allegedly "confidential

service agreements" that MediaDefender refuses to disclose, have already

produced confidential and proprietary information to Defendants, pursuant to the

terms of the protective order, designating such material as "confidential" or

"attorneys' eyes only."  (Kozusko Decl., Ex. 7.)

## IV.   CONCLUSION.

For all of the foregoing reasons, the Court should grant Defendants'

petition to enforce the non-party subpoena to MediaDefender and order

MediaDefender to comply with the Subpoena by producing all responsive

documents in its possession, custody, or control and appearing for a deposition.

14

1

DATED:   December 9, 2010         ROBERTS, RASPE & BLANTON LLP

2

3          By: _____
                      Michael S. Blanton

4          Attorneys for Defendants Defendants Lime
           Wire LLC; Lime Group LLC; Mark Gorton;
5          and M.J.G. Lime Wire Family Limited
           Partnership

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**NOTICE OF PETITION AND PETITION TO ENFORCE CENTRAL
DISTRICT NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10-9438 GW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Arista Records LLC; Atlantic Recording Corporation; BMG Music; Capitol Records, Inc.; Elektra Entertainment Group Inc.; Interscope Records; Laface Records LLC; Motown Record Company, L.P.; Priority Records LLC; Sony MBG Music Entertainment; UMG Recordings, Inc.; Virgin Records America, Inc.; and Warner Bros. Records Inc.

**DEFENDANTS**
Lime Wire LLC; Lime Group LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael S. Blanton, Esq. (State Bar No. 190148)
Roberts, Raspe & Blanton LLP
445 S. Figueroa Street, Suite 3200
Los Angeles, CA 90071, mblanton@rrblllp.com

Attorneys (If Known)

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212)728-8000

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _Statutory Damages_

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Enforcement of a Central District Subpoena in case pending in Southern District of New York.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**CV10-9438**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

FILED BY DEFENDANTS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Target of Non-party Subpoena resides in Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, various |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date   December 9, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |