Michael S. Blanton (SB# 190148)
mblanton@rrbllp.com
ROBERTS, RASPE & BLANTON LLP
Union Bank Plaza
445 South Figueroa Street
Suite 3200
Los Angeles, California 90071
Telephone: (213) 430-4777
Facsimile: (213) 430-4780

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000

Attorneys for Defendants Lime Wire LLC;
Lime Group LLC; Mark Gorton; and M.J.G.
Lime Wire Family Limited Partnership

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arista Records LLC; Atlantic Recording Corporation; BMG Music; Capitol Records, Inc.; Elektra Entertainment Group Inc.; Interscope Records; Laface Records LLC; Motown Record Company, L.P.; Priority Records LLC; Sony BMG Music Entertainment; UMG Recordings, Inc.; Virgin Records America, Inc.; and Warner Bros. Records Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Lime Wire LLC; Lime Group LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership,<br><br>Defendants. | CASE NO.: 10-9438 GW (PJW)<br>Honorable Patrick J. Walsh<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**<br><br>(United States District Court For the Southern District Of New York, Civil Action No.: 06 CV 5936 (KMW), Honorable Kimba M. Wood, U.S.D.J.) |

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

**TO NON-PARTY MEDIADEFENDER, INC., ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") hereby apply to the Court (Magistrate Judge Patrick J. Walsh, 312 N. Spring Street, Los Angeles, California 90012, Courtroom 827-B) *ex parte* for an Order:

(1)  Shortening the time to hear Defendants' Petition to Enforce A Central District Non-Party Subpoena to MediaDefender, Inc. ("MediaDefender"), filed December 9, 2010 (the "Petition"), such that it may be heard at the Court's earliest available date; and

(2)  Expediting the briefing schedule such that MediaDefender's opposition shall be filed no later than December 17, 2010, and Defendants' reply thereto shall be filed no later than December 22, 2010.

The Petition seeks to compel MediaDefender to comply with Defendants' non-party subpoena by producing all responsive documents in its possession, custody, or control and appearing for a deposition.  Defendants need that evidence in order to prepare for trial of the above action in the Southern District of New York before Judge Wood.  Defendants request that the Court hear the Petition on shortened notice because the end of fact discovery in that action is fast approaching and Defendants require evidence from MediaDefender for use in

2

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

deposing both Plaintiffs and non-parties and to propound any additional discovery requests that may be necessary based on the information that MediaDefender provides pursuant to Defendants' subpoena. Proceeding with a hearing on this Petition pursuant to the timeframe prescribed by Local Civil Rule 6-4 -- something that cannot occur any earlier than January 13, 2010, given Magistrate Judge Walsh's current motion date schedule -- will deprive Defendants of the ability to use in discovery any of the evidence that MediaDefender may be compelled to provide here.

This application is made on the grounds that good cause exists as shown by this application, and notice has been given to MediaDefender, that such an *ex parte* request will be made to the Court, specifically to Mr. Dimitri Villard, CEO, whose contact information is 9046 Lindblade Street, Culver City, CA 90232; 310-734-4551 (direct dial); and dvillard@peermediatech.com (e-mail).

The *ex parte* application is based upon this Notice of Application and Application, the Memorandum of Points and Authorities filed concurrently herewith, and the Declaration of Dan C. Kozusko and the exhibits annexed thereto, and with respect to the Petition, the Notice of Petition and Petition to Enforce Central District Non-Party Subpoena to MediaDefender, Inc., the Memorandum of Points and Authorities filed concurrently therewith, the Declaration of Dan C. Kozusko and the exhibits annexed thereto, the evidence in support of the Petition, arguments of counsel, and upon such additional evidence as may be presented at

3

**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

the time of the hearing of this matter.

DATED: December 10, 2010           ROBERTS, RASPE & BLANTON LLP

By: _____/s/  Michael S. Blanton_____

Attorneys for Defendants Lime Wire LLC; Lime Group LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership

4

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") hereby submit this Memorandum of Points and Authorities in support of their *ex parte* application, for an Order (1) shortening the time to hear Defendants' Petition to Enforce Non-Party Subpoena to MediaDefender, Inc. ("MediaDefender"), filed December 9, 2010 (the "Petition") (Doc. No. 1), such that it may be heard at the Court's earliest available date; and (2) expediting the briefing schedule on the Petition such that MediaDefender's opposition shall be filed no later than December 17, 2010, and Defendants' reply thereto shall be filed no later than December 22, 2010.

### I. PROCEDURAL HISTORY.

Defendants have brought the Petition to enforce a non-party subpoena (the "Subpoena") under the jurisdiction of the Central District of California that they served on MediaDefender, a company that provides anti-piracy countermeasures to Plaintiffs and other copyright holders. (December 9, 2010 Pet. Mem. of P. & A. at 1.) The Petition seeks an order from this Court directing MediaDefender to comply with its obligations pursuant to that Subpoena. (*Id*.) Defendants served the Subpoena on MediaDefender in order to secure evidence that is directly relevant to their defense at an upcoming trial before Judge Wood in

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

the Southern District of New York, at which Plaintiffs seek to recover in excess of $1 billion in damages for copyright infringement. (*Id.*)

After Defendants served the Subpoena in September of this year, MediaDefender represented to Defendants' counsel -- on more than one occasion -- that it had collected all responsive documents and that a production was imminent. MediaDefender reneged on those promises, however. (*Id.*) Instead, it waited until more than a month after the Subpoena was served to object on the grounds of relevance and confidentiality, refusing to produce even a single document. (*Id.*) Even after Defendants demonstrated that those objections were entirely without merit and provided case law supporting that position, MediaDefender persisted in its refusal to comply with its obligations under the subpoena, without providing any authority whatsoever to support its position -- notwithstanding that Defendants had made clear to MediaDefender that they intended to seek a court order compelling MediaDefender to comply with the Subpoena. (*Id.* at 1, 6.)

Subsequently, Defendants' counsel contacted MediaDefender, which is not represented by counsel here, to propose an expedited briefing schedule on their application for an order compelling MediaDefender to comply with the Subpoena, given that fact discovery in the above action is set to close at the end of January. (Kozusko Decl. ¶ 2, Ex. A.) Defendants' counsel explained that proceeding on an expedited schedule was necessary because it could not wait the usual 28 days for a motion hearing under Local Civil Rule 6-1, followed by the

2

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

time it would take the Court to decide the motion and MediaDefender to comply with the terms of such an order.[1] (*See id.*) MediaDefender, however, would not agree to stipulate to an expedited briefing schedule here. (Kozusko Decl. ¶ 2, Ex. A.) Following that refusal, Defendants' counsel informed MediaDefender that it would be making the instant *ex parte* application. (Kozusko Decl. ¶ 3, Ex. B.)

## II.   GOOD CAUSE EXISTS TO HEAR DEFENDANTS' PETITION ON SHORTENED NOTICE.

Applicants seeking *ex parte* relief must demonstrate that (1) the applicant is not the cause of the crisis necessitating *ex parte* relief, and (2) the order is needed to avoid some type of harm. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989). *See also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). In the case of an *ex parte* application for an order shortening time, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.*

Defendants are certainly not the cause of the current state of affairs necessitating *ex parte* relief. Had MediaDefender honored its representation -- made on more than one occasion -- that it would comply with the Subpoena and produce promptly the responsive documents that it had gathered already,

---

[1]   Based on Magistrate Judge Walsh's current motion date schedule, the earliest date on which a hearing on the Petition can be scheduled is January 13, 2011. (Kozusko Decl. ¶ 6, Ex. C.)

3
**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

Defendants would not be seeking this Court's intervention. Nor would Defendants be seeking such relief, if MediaDefender had withdrawn its belatedly asserted objections to the Subpoena after Defendants provided MediaDefender with case law demonstrating those objections to be meritless. Likewise, Defendants would not be in the position of having to make this *ex parte* application if MediaDefender were willing to agree to an expedited hearing and briefing schedule, as Defendants proposed and MediaDefender rejected.

An expedited hearing and briefing schedule is also necessary to prevent Defendants from suffering irreparable prejudice to their trial preparations in the above action, given that Judge Wood has set a January 30, 2011 deadline for the close of fact discovery in that action. Under this Court's normal timetable for hearing a petition to enforce a subpoena, Defendants must wait at least 28 days for the Court to hold a hearing on their Petition. *See* L.R. 6-1. Based on Magistrate Judge's Walsh's current motion date schedule, the earliest possible hearing date in January 13, 2011. (Kozusko Decl. ¶ 6, Ex. C.) Following that hearing, it will take additional time for the Court to rule on that Petition and draft an appropriate order, and for MediaDefender to comply with the terms of any such order. In that case, Defendants would not be in a position to receive MediaDefender's document production and deposition testimony until the very end of the fact discovery period -- at the earliest.

Delaying that production and testimony until the conclusion of the

4

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

discovery period (or later) will deprive Defendants of the ability to mark those documents as exhibits to depositions or to incorporate that evidence into their questioning of Plaintiffs and other witnesses.  Nor will Defendants be able to use the evidence they obtain from MediaDefender to propound additional discovery requests to Plaintiffs and non-parties, much less provide sufficient time for those requests to be complied with by the close of discovery.

The inability to take adequate discovery of Plaintiffs and non-parties will cause irreparable prejudice to Defendants' efforts to prepare their defense at trial against a damages claim by Plaintiffs that <u>exceeds one billion dollars</u>.  Thus, even if Defendants were to prevail on a petition heard under the Court's normal hearing schedule, such a victory would be largely pyrrhic, given the irreparable prejudice Defendants would suffer as a result of being denied the ability to use the relevant evidence in MediaDefender's possession to take discovery in connection with their efforts to mount a vigorous defense at trial against Plaintiffs' substantial damages claims.

Given the lack of fault on the part of Defendants, and the irreparable prejudice that Defendants will suffer if the Petition is not heard on an expedited basis, an order shortening the briefing schedule for, and this Court's hearing of, the Petition is warranted.

5

**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER. INC.**

## III. PROPER NOTICE OF THIS *EX PARTE* APPLICATION HAS BEEN PROVIDED TO MEDIADEFENDER.

Written notice of the present *ex parte* application was provided to MediaDefender. (Kozusko Decl. ¶ 3, Ex. B.) MediaDefender has opposed the relief sought by the Petition and has refused to agree to have the Petition heard or briefed on the schedule proposed by Defendants. (Kozusko Decl. ¶ 2, Ex. A.)

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' *ex parte* application and issue an Order:

(1) Shortening the time to hear Defendants' Petition to Enforce Non-Party Subpoena to MediaDefender, Inc. such that it may be heard at the Court's earliest available date; and

(2) Expediting the briefing schedule such that MediaDefender's opposition shall be filed no later than December 17, 2010, and Defendants' reply thereto shall be filed no later than December 22, 2010.

DATED: December 10, 2010         ROBERTS, RASPE & BLANTON LLP

By: _____/s/ Michael S. Blanton_____

Attorneys for Defendants Defendants Lime Wire LLC; Lime Group LLC; Mark Gorton; and M.J.G. Lime Wire Family Limited Partnership

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               ) ss:
CITY AND COUNTY OF LOS ANGELES )

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Roberts, Raspe & Blanton LLP, Union Bank Plaza, 445 South Figueroa Street, Suite 3200, Los Angeles, California 90071.

On December 10, 2010, I caused the foregoing document(s) to be served:

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR THEIR PETITION TO ENFORCE NON-PARTY SUBPOENA TO MEDIADEFENDER, INC.**

on the interested parties, by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| MediaDefender, Inc.<br>National Registered Agents, Inc.<br>2875 Michelle Dr., Suite 100<br>Irvine, CA 92606 | Glenn D. Pomerantz<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 |

[ ] **VIA OVERNIGHT MAIL:**
VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[ ] **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service on December 10, 2010 with postage thereon fully prepaid, at Los Angeles, California.

[X] **VIA PERSONAL DELIVERY:**
At the address listed above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 10, 2010, at Los Angeles, California.

/s/ Melissa L. Gonzalez